CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 14 2014

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JERRY SAYERS, | CASE NO. 7:14CV00385 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| B. POWELL, | By: Glen E. Conrad<br>Chief United States District Judge |
| Defendant. | |

The plaintiff, a Virginia inmate proceeding pro se, has filed a motion for interlocutory injunctive relief, without prepaying any security therefor, which the court has also construed and filed as a civil rights action under 42 U.S.C. § 1983 and a request to proceed without prepayment of filing costs.[1] The plaintiff alleges that the defendant, the prison official with control over the plaintiff's prisoner trust account, is violating federal law by seizing and holding funds from the plaintiff's veteran's benefits in his inmate trust account, pending resolution of a state court proceeding for garnishment to recover alimony owed to plaintiff's ex-wife. After review of the record, the court concludes that the plaintiff's motion for a temporary restraining order must be denied. The court also concludes that the plaintiff has sufficient income and assets that he does not qualify to proceed without prepayment of the $400.00 filing costs for this civil action, which he has not done. In light of the plaintiff's claim and the evidence that he does not currently have access to funds with which to pay the filing costs, the court will take his alternative motion for a preliminary injunction under advisement until the plaintiff consents to pay the full filing costs.

---

[1] Plaintiff filed his action in the United States District Court for the Eastern District of Virginia. It was transferred here because the cause of action arose in Dillwyn, Virginia, within this court's jurisdiction.

I

Plaintiff Jerry Sayers is an inmate at Buckingham Correctional Center. Sayers states that he is a totally disabled veteran of the Vietnam War whose sole income consists of the percentage of his veteran's benefits paid to him during his incarceration. From these benefits, Sayers has accrued total savings in his inmate trust account of more than $4,600.00 as of July 23, 2014. The Tazewell County Circuit Court recently issued garnishment summaries for alimony payments that Sayers allegedly owes to his ex-wife, from whom he has been divorced for ten years. In conjunction with this court proceeding, the Buckingham trust account officer, without notice to Sayers, removed $3,069.50 from Sayers' trust account in June 2014 and placed the monies in a reserve account, pending a November 9, 2014 court hearing on the garnishment matter. In July 2014, the officer moved another $1,224.50 from Sayers' trust account to the reserve account. Sayers is not allowed to spend any of the funds in this reserve account. He has filed grievances, asking that his funds be released, but prison officials have ruled his grievances to be unfounded.

Sayers filed this § 1983 action against the trust account officer, asserting that the freeze on his veteran's benefits violates federal law protecting such benefits from attachment. Sayers moves this court to issue a temporary restraining order, or in the alternative, a preliminary injunction, directing the defendant to release his funds. He asserts that if he is without access to the frozen funds until the court hearing in November, he will suffer "irreparable harm," because he is unable to send money to his aged mother, to pay copayments for medical and dental care, or to purchase eye glasses, hearing aids, commissary items, and photocopies for legal work.

II

Temporary restraining orders are governed by Rule 65(b) of the Federal Rule of Civil Procedure and can be entered only after the movant has filed a civil action in this court, subject

to these rules. To this end, the court construed and filed Sayers' motion as a complaint and has issued orders requiring him to make necessary arrangements as a prisoner regarding the filing fee and costs for a civil action. See 28 U.S.C. § 1915(b)(1) (requiring prisoners to pay civil action filing fee, but allowing application for installment payments of 20 percent of each prior month's income). The court finds no authority under which Sayers is entitled to forego federal court costs, merely because his assets consist of monies paid to him each month under his award of veteran's benefits. Accordingly, if Sayers wishes to proceed with this lawsuit, including any request for interlocutory injunctive relief, he must agree to pay the full filing costs as the court will order, or the court will dismiss this civil action without prejudice.[2]

The court also concludes that Sayers has not stated grounds for a temporary restraining order under Rule 65(a). Such orders are issued only rarely, when the movant proves that he will suffer irreparable injury if relief is not granted before the adverse party could be notified and have an opportunity to respond. Fed. R. Civ. P. 65(b). Sayers has made no such showing. At the most, Sayers claims that the temporary seizure of the funds has limited, although not eliminated, his purchasing power. Yet, prison officials have an obligation to provide Sayers, as a prisoner, with room, board, and necessary medical care for serious medical needs. Sayers fails to demonstrate that these services are so inadequate that he will suffer irreparable harm if he is without funds to purchase additional food and medical items until the defendant has an opportunity to respond to his claim that the seizure is unlawful.

A preliminary injunction, like the temporary restraining order, is an extraordinary remedy that requires strict proof. The party seeking the preliminary injunction must make a clear

---

[2] Based on Sayers' monthly income and substantial assets during the six-month period before he filed this action, as reflected in his submissions, Sayers does not technically qualify under § 1915(b) to pay the civil action filing costs in installments. Because Sayers has no access to those assets, however, the court will allow him to pay the filing costs ($350.00 filing fee and $50.00 administrative fee) through installments of 20 percent of each prior month's income.

3

showing "that he is likely to succeed on the merits; he is likely to suffer irreparable harm in the absence of preliminary relief; that the balance of equities tips in his favor; and an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Given the nature of Sayers' claims, the court will take his motion for preliminary injunctive relief under advisement until he consents to pay the full costs for filing this action. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the plaintiff.

ENTER: This 13th day of August, 2014.

/s/ Glen Conrad
Chief United States District Judge

4

Case 7:14-cv-00385-GEC-RSB   Document 13   Filed 08/14/14   Page 4 of 4   Pageid#: 73