CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 31 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JERRY SAYERS,** | ) | CASE NO. 7:14CV00385 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **B. POWELL,** | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Plaintiff Jerry Sayers, a Virginia inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, alleging that the defendant trust account officer is violating his constitutional rights by freezing his Veterans disability benefits under a garnishment summons for unpaid alimony.[1] The court denied Sayers' motion for temporary restraining order, but took his motion for preliminary injunction under advisement and directed the defendant to respond to the motion as well as the complaint. The defendant has filed a response, asserting that interlocutory relief should be denied, and Sayers has replied and filed additional motions. After review of these submissions, the court denies Sayers' motions for preliminary injunctive relief.

Sayers, an inmate at Buckingham Correctional Center, is a disabled veteran whose sole income consists of the percentage of his Veterans benefits paid to him during his incarceration. The Tazewell County Circuit Court recently served garnishment summaries against Sayers' Buckingham trust account for alimony payments allegedly owed to Sayers' ex-wife. Pursuant to the Court's order, the defendant placed over $3,000 from Sayers' trust account into a reserve account, pending a November 9, 2014 hearing on the garnishment matter. Sayers is not allowed

---

[1] Plaintiff filed his action in the United States District Court for the Eastern District of Virginia. It was transferred here because the cause of action arose in Tazewell, Virginia, within this court's jurisdiction.

to spend any of the funds in this reserve account. Sayers filed a motion in the circuit court, asserting that his funds were exempt from garnishment. The Court denied this motion initially, but later vacated the denial order and designated a different judge to hear the matter in November.

Sayers filed this § 1983 action and moved this court to order the prison to release his funds immediately, despite the circuit court's order. Sayers asserts that without access to the frozen funds until after the November hearing, he will suffer irreparable harm because he is unable to send money to his aged mother, to pay copayments for medical and dental care, or to purchase eye glasses, hearing aids, and commissary items.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). Because interlocutory injunctive relief is an extraordinary remedy, the party seeking the preliminary injunction must make a clear showing "that he is likely to succeed on the merits; he is likely to suffer irreparable harm in the absence of preliminary relief; that the balance of equities tips in his favor; and an injunction is in the public interest." Id. at 20.

The court cannot find that Sayers has demonstrated any irreparable harm he will face without this court's interlocutory intervention to provide him access to his frozen funds. It is undisputed that his inability to pay medical copays at this time will not prevent him from obtaining timely medical care as necessary for serious medical needs. At the most, Sayers asserts a temporary inability to buy as many items from the commissary for his personal use or to send as much money home, as he would prefer. Such short-lived deprivations of financial means cannot constitute the type of irreparable harm necessary to warrant the extraordinary remedy Sayers seeks here. In the event that Sayers prevails in his claims and obtains access to his funds,

2

he can make the desired gifts, purchases, and payments at that time. As he thus makes no clear showing that he is likely to suffer irreparable harm in the absence of interlocutory relief, his motion for such relief must be denied. The court will, however, allow Sayers to add a request for permanent injunctive relief to his complaint. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the plaintiff.

ENTER: This 31st day of October, 2014.

                                                    Chief United States District Judge