CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 16 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JERRY SAYERS, | ) | CASE NO. 7:14CV00385 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| B. POWELL, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Plaintiff Jerry Sayers, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, seeking injunctive relief barring the defendant trust account officer from freezing Sayers' veterans disability benefits under state court garnishment orders based on his ex-wife's claim for alimony.[1] Sayers asserts that defendant's seizure of his benefits violated his federal rights under 38 U.S.C. § 5301 and the Due Process Clause of the Fourteenth Amendment. Because the court concludes that Sayers has no remedy under § 5301 to prevent attachment of his benefits for a claim of alimony, the defendant is entitled to judgment as a matter of law.

I

Sayers, an inmate at Buckingham Correctional Center ("BUCC"), is a disabled veteran whose sole income consists of the percentage of his veterans benefits paid to him during his incarceration. In June and July 2014, the Tazewell County Circuit Court served a suggestion for summons in garnishment and two summonses in garnishment on the Warden of BUCC, as garnishee. See Mckensie v. Sayers, CL14000896-00. Sayers' ex-wife, who filed this garnishment action, claimed that based on the judgment of divorce entered by the Circuit Court

---

[1] Plaintiff filed his action in the United States District Court for the Eastern District of Virginia. It was transferred here because the cause of action arose in Tazewell, Virginia, within this court's jurisdiction.

in September 2004, Sayers owed her a total of $4,293.50 in court-ordered support payments, interest, and court costs.[2]

Each of the summonses directed the garnishee, "[Y]ou shall withhold from [Sayers as] the judgment debtor any sums of money to which the judgment debtor is or may be entitled from you during the period between the date of service of this summons on you and the date for your appearance in court . . . ." (Morton Affid. Encl. B, ECF No. 22-1.) In compliance with the summons, Defendant Powell, BUCC trust account manager, removed the specified amounts from Sayers' account, totaling $4,293.50. She then notified Sayers in writing that these monies would be held in a reserve account until the prison received further guidance from the Circuit Court. Sayers filed a claim in the Circuit Court proceeding, asserting that the seized funds were exempt from garnishment; this exemption claim remains unresolved.[3]

In the meantime, Sayers is not allowed to spend any of the frozen funds. Initially, Sayers filed this § 1983 action, asserting that under 38 U.S.C. § 5301(a), the seized veterans benefits are exempt from garnishment and seeking a court order directing Powell to immediately release the funds. This court denied Sayers' requests for interlocutory relief and directed Powell to respond to the merits of Sayers' claim and his request for a permanent injunction to prevent his funds from being frozen in any future garnishment action. Powell has now moved for summary judgment,[4] and Sayers has responded,[5] making the matter ripe for disposition.

---

[2] Sayers denies that he owes his ex-wife any back alimony.

[3] Sayers' submissions and state court records available online indicate that after two hearings on the matter in July and August 2014, the Circuit Court initially ruled against Sayers. By orders entered August 22, 2014, however, the judge set aside his ruling, appointed an attorney as guardian ad litem for Sayers, and disqualified himself from presiding. A different judge was then designated to the case, but the online docket does not indicate that any additional motions have been filed or that any hearing has been scheduled.

[4] Powell's motion incorporates by reference the affidavit of K. Morton, business manager at BUCC, along with copies of the suggestion of garnishment, the garnishment summonses, and the notices Powell provided to Sayers after placing his funds in the reserve account. (See ECF No. 22-1.)

II

An award of summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). To withstand a summary judgment motion, the non-movant must produce sufficient evidence from which a reasonable jury could return a verdict in his favor. Id. at 249-50.

To state a claim for relief of any sort under §1983, Sayers must allege facts showing that Powell's actions, taken under color of state law, violated his rights under the Constitution or laws of the United States.[6] Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). Sayers contends that Powell's seizure of his Veterans benefits violated Sayers' rights under 38 U.S.C. § 5301. This section reads, in pertinent part:

> Payments of benefits . . . under any law administered by the Secretary [of Veterans Affairs] . . . made to, or on account of, a beneficiary . . . shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary.

38 U.S.C. § 5301(a). Courts have interpreted this provision as "provid[ing] a federal right that is enforceable under § 1983" against state prison officials for wrongful seizure of an inmate's Veterans disability benefits to pay debts he owed to the state or the court. See, e.g., Higgins v. Beyer, 293 F.3d 683, 689-90 (3rd Cir. 2002) (funds seized for state court-ordered fines); Nelson

---

[5] Sayers titled his response as a "motion to strike," but states no ground preventing consideration of defendant's pleading. Accordingly, the court construed and docketed Sayers' motion as a response only.

[6] Powell's motion for summary judgment merely argues against any permanent injunction and fails to address the threshold issue of whether her actions violated Sayer's federally protected rights. Because the court concludes as a matter of law that Powell's actions did not deprive Sayers of any such right, however, the court will grant Powell's motion for summary judgment on that ground.

3

v. Heiss, 271 F.3d 891, 894-96 (9th Cir. 2001) (funds seized to cover purchase of medical records and dental devices to which inmate consented).[7]

Courts have ruled differently, however, on the effect of § 5301(a) in state court garnishment proceedings seeking funds to cover support claims by the veteran's family members. In Rose v. Rose, 481 U.S. 619 (1987), a Tennessee state court ordered a disabled veteran to pay $800 per month in child support. Id. at 623-34. The veteran argued unsuccessfully to the state court that since his VA benefits were his sole source of support for himself, those funds were exempt under § 5301(a) from seizure for child support.[8] Id. at 624. The Supreme Court found that Congress intended VA disability benefits "to support not only the veteran, but the veteran's family as well." Id. at 634. Therefore, the Court "conclude[d] that [§ 5301](a) does not extend to protect a veteran's disability benefits from seizure where the veteran invokes that provision to avoid an otherwise valid order of child support." Id.

Rose did not involve an order to freeze a veteran's bank account for resolution of a claim of unpaid alimony, but the majority of courts considering the issue have applied Rose to hold that "veterans' disability benefits are not exempt from claims for alimony, spousal support and child support." Case v. Dubaj, C.A. No. 08-347 Erie, 2011 WL 3806291, at *4 (W.D. Pa. Aug. 29, 2011) (citing 52 A.L.R.5th 221 § 28[a] ("With few exceptions, the cases hold that payments arising from service in the Armed Forces . . . , though exempt as to the claims of ordinary creditors, are not exempt from a claim for alimony, support, or maintenance . . ."). In the Case decision, the district court found that family support enforcement officials, who obtained a state

---

[7] These courts have held that under the Supremacy Clause of the Constitution, in situations where a veteran's funds are protected by the exemption in § 5301(a), state laws authorizing seizure of those funds are preempted by § 5301(a) and void. Higgins, 293 F.3d at 691-93; Nelson, 271 F.3d at 895. See also Bennett v. Arkansas, 485 U.S. 395 (1988) (finding that federal law similarly protects social security benefits against seizure under 42 U.S.C. § 407(a)).

[8] Until 1991, the exemption statute was designated as § 3101(a), the section number cited in Rose.

4

court order to freeze sufficient funds in a veteran's bank account to satisfy his obligation to his ex-wife for unpaid back alimony and spousal support, did not violate the veteran's federal rights. 2011 WL 3806291, at *1, 5; see id. at *4 (citing other cases). Consistent with this case law, applying the Supreme Court's decision in Rose, this court concludes that Powell did not violate Sayers' federal rights by honoring the Tazewell County garnishment summonses. Section § 5301(a) simply does not provide Sayers any right to prevent garnishment of trust account funds derived from VA disability benefits, based on his ex-wife's claim for unpaid back alimony.

Sayers also has no viable claim that Powell's actions deprived him of a property interest without due process.[9] Powell merely complied with the state court's order in the garnishment proceedings. Those proceedings, with reference to the prior divorce proceedings in the state court, are Sayers' procedural protection under state law against a wrongful deprivation of his property in this instance. The state court, not Powell or this court, will consider the validity of the alimony claim, in light of the divorce judgment, and determine and order the appropriate disposition of Sayers' frozen funds. Sayers fails to demonstrate that the process provided to him in the garnishment proceedings is constitutionally deficient in any way, so as to require additional procedural protection from prison officials. See, e.g., Mathews v. Eldridge, 424 U.S. 319, 335 (1976) (requiring court to balance three factors when determining what process is due in a particular situation: 1) private interest to be affected by the official action; 2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value of additional or substitute procedures; and 3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail).

---

[9] The Fourteenth Amendment prohibits the States from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

5

For the reasons stated, the court finds no material fact in dispute and concludes that Powell is entitled to judgment as a matter of law. An appropriate order will issue this day, granting Powell's motion for summary judgment.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Sayers and to counsel of record for Powell.

ENTER: This 16th day of June, 2015.

/s/ Glen Conrad
Chief United States District Judge